UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED STATES OF AMERICA,

                - against -                19 Cr 717 (LAK)

DEMETRUES BELL,
                Defendant.
------------------------------------------------------------------x

## DEFENDANT DEMETRUES BELL'S REPLY TO THE GOVERNMENT'S OPPOSITION TO HIS MOTION TO SUPPRESS

                                        TAMARA L. GIWA, ESQ.
                                        IAN H. MARCUS AMELKIN, ESQ.
                                        Federal Defenders of New York, Inc.
                                        Attorneys for Defendant
                                        **DEMETRUES BELL**
                                        52 Duane Street - 10th Floor
                                        New York NY 10007
                                        Tel.: (212) 417-8780

TO:    GEOFFREY S. BERMAN, ESQ.
        United States Attorney
        Southern District of New York
        One Saint Andrew's Plaza
        New York, NY 10007
        Attention: Nicholas S. Bradley, Esq.
        Assistant United States Attorney

Defendant Demetrues Bell respectfully submits this Reply Memorandum of Law in response to the Government's opposition to his Motion to Suppress that he filed on December 9, 2019. United States v. Bell, 19 Cr 717 (LAK), ECF No. 12. In its opposition brief (ECF No. 16) ("Opp."), the Government reads concessions into the defense's brief and Mr. Bell's declaration to argue that there are no material issues of fact to require a suppression hearing in this case. However, the disagreements, as described below, are both material and ample. A hearing is necessary for the Court to determine whether Mr. Bell's constitutional rights were violated. Following such a hearing, Mr. Bell is confident the Court will agree that his backpack was unconstitutionally searched and that the gun seized as a result of this search should be suppressed.[1]

At a suppression hearing the Court will consider several questions that, when answered, will establish that the gun should be suppressed:

1. **Did the officers observe Mr. Bell commit a traffic infraction?** The Government contends that Mr. Bell concedes that he violated the New York traffic law in his declaration and that the officers' observed this infraction. Opp. at 8–11. First, Mr. Bell makes no such concession. See Ex. A (Mr. Bell's declaration). Second, it is unclear that the officers observed a violation of the traffic law. When the lead NYPD car passes Mr. Bell, he starts driving immediately such that one of the NYPD

---

[1] As the Government concedes that it will not introduce Mr. Bell's illegally coerced post-arrest statements, the defense will not address its Fifth Amendment arguments in this reply brief.

vehicles is in front of him and the other is behind him. See Ex. B (complaint); C (video surveillance). Testimonial evidence is therefore necessary to determine what the officers observed and whether Mr. Bell committed a traffic violation. In most cases, just committing a traffic infraction does not permit an NYPD officer under New York law to search a vehicle. People v. Marsh, 20 N.Y.2d 98, 100 (1967) ("There is no question . . . that a police officer is not authorized to conduct a search every time he stops a motorist for speeding or some other ordinary traffic infraction").

2. **Did the officers smell marijuana when they passed Mr. Bell's car or when they approached the vehicle?** This is a disputed material fact. If the officers did not smell marijuana, then they have lied in sworn statements putting into question other factual disputes at issue here. Because Mr. Bell has sworn that he (and the others in his car) were not smoking marijuana prior to his arrest, it is critical that the Court hear testimony on this issue to determine if the officers' statements are credible. If the officers did not smell marijuana, they had no basis to search the car. Id. Moreover, if they did not smell marijuana or witness Mr. Bell commit a traffic violation, then they had no basis whatsoever to even stop his car.

3. **When and where did the officers find the marijuana cigarette butt in the car?** The Government contends that the defense conceded that the officers saw marijuana in plain view and that formed an independent basis for the search of Mr. Bell's car. Opp. 11–12. The defense makes no such concession. In its brief, the defense acknowledges that the officers "vouched the butt of a marijuana cigarette." Mem. at 8. However, neither the defense nor Mr. Bell, in his declaration,

2

concede that the officers saw that marijuana in plain view or that they observed the butt prior to illegally searching Mr. Bell's bag. The marijuana butt is irrelevant to this case if the officers did not smell it (which the defense contends they did not), if they did not see the butt in plain view (which the defense contends they did not), or if they found it <u>after</u> they searched the backpack (which the defense contends they did). Given these questions, a hearing is necessary to determine whether the officers had any basis to search Mr. Bell's backpack at the time he was outside of the car and secured by multiple officers.

4. **Did the officers observe the ammunition in plain view, or was the backpack closed, as Mr. Bell swears in his declaration?** If the officers did not observe marijuana in plain view, they had no basis to search Mr. Bell's backpack. At the time the officers searched Mr. Bell, he was already secured by multiple officers, pushed up against his automobile. <u>Arizona v. Gant</u>, 556 U.S. 332, 335 (2009), which the Government relies on, makes clear that officers may only search a person and the space within his "immediate control." Given that Mr. Bell was already secured and not free to move or leave, the only basis to search a closed container in the automobile is if the officers had probable cause to believe they would find contraband inside. <u>Id.</u>; see also <u>Rodriguez v. United States</u>, 575 U.S. 348, 349 (2015) ("Authority for the seizure thus ends when tasks tied to the traffic infraction are – or reasonably should have been – completed"). If the Court agrees that the officers had not yet found the marijuana butt when they searched the bag, then the officers did not have probable cause to believe they would find any contraband inside. Therefore, it is critical to

3

determine whether one of the officers saw ammunition in plain view, or, if as the defense contends, he opened a closed bag without probable cause and then lied about seeing the ammunition in plain view.

## CONCLUSION

Given these questions, the Court should grant an evidentiary hearing. See United States v. Pena, 961 F.2d 33, 339 (2d Cir. 1992) (requiring a hearing where a defendant raises a "sufficiently definite, specific, detailed, and nonconjectural" factual basis for suppression). Moreover, Mr. Bell respectfully requests the opportunity to submit additional legal briefing following a hearing to address the factual evidence.

After the hearing, the defense will respectfully request that the Court grant its motion and suppress the physical evidence seized from Mr. Bell.

Dated:    New York, New York
             December 30, 2019

                                        Respectfully submitted,
                                        Federal Defenders of New York, Inc.

                  By:    _____
                                        TAMARA L. GIWA, ESQ.
                                        IAN H. MARCUS AMELKIN, ESQ.
                                        Attorneys for Defendant
                                        **Demetrues Bell**
                                        Federal Defenders of New York, Inc.
                                        52 Duane Street - 10th Floor
                                        New York NY 10007
                                        Tel.: (212) 417-8733