USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/22/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
UNITED STATES OF AMERICA,

    -against-

19-cr-0717 (LAK)

DEMETRUES BELL,

               Defendant.
------------------------------------- x

## MEMORANDUM AND ORDER
### (Corrected)

LEWIS A. KAPLAN, *District Judge.*

        Defendant moved to suppress physical evidence – principally or exclusively a 9 mm semiautomatic firearm, ammunition, and a magazine – obtained by a June 28, 2019 search of a backpack that was in his vehicle as well as to suppress post-arrest statements made prior to his being given *Miranda* warnings. The Court held an evidentiary hearing and decided the motion by a prior order with a memorandum to follow [Dkt. 24]. The Court duly enters this memorandum to articulate its factual findings and conclusions of law.

        Shortly before 4:00 p.m. on June 28, 2019, police officers observed defendant's vehicle while it was unlawfully double parked and, soon thereafter, while it made an unlawful turn without signaling. The officers therefore had reasonable cause to stop defendant's vehicle.

        As the officers approached defendant's vehicle, they claim to have smelled a "strong odor" of marijuana emanating from the car and to have seen a marijuana cigarette on the center console. They claim also that they previously had smelled marijuana coming from the vehicle when driving slowly past defendant's parked car prior to the stop. Allegedly based on these observations, the officers asked the defendant to step out of the car. The government argued that the officers, at that point, had probable

cause to arrest defendant based either on the traffic violations or the marijuana cigarette.

Defendant complied with the officers' instructions and exited his vehicle. At some point after he did so, the officers turned on their body cameras. The videos show that defendant placed his hands on the roof on the left side of the car near the driver's seat while an officer patted him down.[1]

The videos show also that while defendant was still detained near the driver's seat, another officer, located on the right side of the vehicle, began searching defendant's backpack, which had been laying flat on the front passenger's seat. The officer testified at the evidentiary hearing that the bag had been zipped open about five to seven inches and that the opening was approximately three-quarters of an inch wide.[2] The officer alleges that while standing on the sidewalk, he was able to see a transparent magazine inside the backpack through this opening – without any part of the magazine protruding – and therefore picked up the bag to examine its contents.

The officer discovered a firearm, ammunition, and a magazine inside the bag. The officer called out "92," a signal to arrest. Defendant then was moved to the back of his car and handcuffed. He was arrested for possession of a firearm, ammunition, and marijuana in violation of New York Penal Laws.[3]

The police did not have a warrant to search the backpack. In order to avoid suppression, the government must satisfy an exception to the warrant requirement. It contends that the following exceptions apply: (1) the automobile exception, (2) the "plain view" doctrine, and (3) search incident to a lawful arrest.

---

[1] Dkt. 16 at 9-10.

[2] Tr. 82:11-83:7, 89:19-90:16.

[3] Dkt. 14-1, Exs. E, F.

The preponderance of credible evidence does not establish that any of the officers reasonably believed that he perceived, at any time prior to the arrest of defendant and the search of his vehicle and its contents, an odor of marijuana emanating from defendant's vehicle. Nor does the preponderance of credible evidence establish that any of the officers observed a marijuana cigarette, or any other marijuana, in defendant's vehicle prior to the arrest of defendant and the search of his vehicle and its contents. Accordingly, the officers lacked probable cause to arrest defendant on the basis that they smelled or observed marijuana. Nor was there probable cause to believe that defendant's backpack contained marijuana. The warrantless search of the vehicle and its contents therefore were not justified under the automobile exception.[4]

The preponderance of credible evidence does not establish that any part of the firearm, the magazine, or the ammunition was in plain view prior to the arrest of defendant and the search of his vehicle. The warrantless search of the backpack therefore was not justified under the plain view doctrine.

The remaining potential exception is search incident to arrest. Because the Court has rejected the government's contention that there was probable cause to arrest based on an odor or sighting of marijuana, the only remaining basis for an arrest prior to the backpack search was defendant's traffic violations. Before assessing the applicability of the exception, more must be said on this arrest. Even assuming the legality of an arrest for minor traffic violations,[5] defendant was

---

[4] *See United States v. Wilson*, 699F.3d 235, 245 (2d Cir. 2012) ( "[O]fficers may conduct a warrantless search of a vehicle if they have probable cause to believe it contains contraband or other evidence of a crime.").

[5] It is unlikely that the police officers had authority to make a custodial arrest for a traffic violation as a matter of state law. *See People v. Howell*, 49 N.Y.2d 778, 779 (1980); *People v. Marsh*, 20 N.Y.2d 98, 100 (1967). However, a custodial arrest for a traffic violation

not in fact arrested for this crime. The Second Circuit, however, has held that "a search incident to arrest may be lawful 'regardless of whether or not the officer intended to [make an arrest] prior to the search'" if there was probable cause to make the arrest.[6] This is true even if the underlying offense is for a minor violation. For example, the Circuit has upheld searches incident to arrest for jaywalking[7] and for violating New York's open container laws[8] because there was probable cause to arrest for those violations.[9] As explained above, there was probable cause to arrest defendant for the traffic violations.

Even so, the government's search incident to arrest argument fails under both New York and federal law.

Under New York law, exigent circumstances are required to justify warrantless searches incident to arrest of closed pouches or containers.[10] Exigent circumstances must be based on a "reasonable belief that the suspect may gain possession of a weapon or be able to destroy

---

would not violate the Fourth Amendment. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *United States v. McFadden*, 238 F.3d 198, 203 (2d Cir. 2001).

[6] *United States v. Dupree*, 767 F. App'x 181, 183 (2d Cir. 2019) (quoting *United States v. Diaz*, 854 F.3d 197, 205 (2d Cir. 2017)).

[7] *Id.*

[8] *Diaz*, 854 F.3d at 205-09.

[9] It is irrelevant, for this purpose, whether or not the defendant in fact was arrested for this crime. For example, in *Dupree*, the defendant was never arrested or issued a summons for jaywalking. The "prisoner pedigree card" indicated that defendant has been arrested for criminal possession of a weapon and resisting arrest. The "complaint report" similarly did not indicate that defendant had been arrested for jaywalking. *United States v. Dupree*, No. 17-1846, Appendix (DI 17) A63-68, 72 (2d Cir. 2017).

[10] *See People v. Jimenez*, 22 N.Y.3d 717, 722 (2014).

evidence located in the bag."[11] Even if officers suspect a container contains contraband, if the container is in an officer's exclusive custody or the officer does not reasonably fear for his safety, exigent circumstances do not exist and the officer may not search the bag pursuant to the search incident to arrest exception.[12]

Under federal law, "a search incident to arrest may only include the arrestee's person and the area 'within his immediate control . . . mean[ing] the area from within which he might gain possession of a weapon or destructible evidence."[13] Officers may search the passenger compartment of a vehicle and containers therein "only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search."[14] "If there is no possibility that an arrestee could reach into the area that law enforcement officers seek to search . . . the [search incident to arrest exception] does not apply."[15] The purpose of the search incident to arrest doctrine is to "protect[] arresting officers and safeguard[] any evidence of the offense of arrest that an arrestee might conceal or destroy."[16]

The critical fact under both New York and federal law is the location of the firearm in relationship to the arrestee and to an officer. The officers' body cameras reveal the following: (1)

---

[11] *Id.* (citation omitted).

[12] *See id.* at 721-24.

[13] *Arizona v. Gant*, 556 U.S. 332, 339 (2009) (citation and quotation marks omitted).

[14] *Id.* at 343-44.

[15] *Id.* at 399.

[16] *Diaz*, 854 F.3d at 205.

Officer White removed and began searching the backpack on the right side of the vehicle while the defendant was pressed against the left side of the car with his hands on top of the roof and was being patted down by one armed officer, (2) a second officer stood beside the defendant, (3) there was a total of five officers in the defendant's vicinity, and (4) the backpack was not accessible to the defendant immediately before or during the search.

The evidence shows clearly that the defendant neither was "unsecured," within reaching distance, nor otherwise within "immediate control" of the firearm before the search began. Rather, Officer White had exclusive control of the backpack immediately prior to, and during, the search. The preponderance of credible evidence does not establish that the search was required to ensure officer safety or to protect any evidence. The search of the backpack did not constitute a lawful search incident to arrest.

For the foregoing reasons, the search of defendant's vehicle and its contents was unlawful. Defendant's motion to suppress [Dkt 12] was granted to the extent that the physical evidence was suppressed. It was denied as moot to the extent that it sought suppression of post-arrest statements in view of the government's commitment not to use any post-arrest statements made prior to defendant having been given his *Miranda* warnings. [Dkt 24.]

SO ORDERED.

Dated: January 21, 2020
Corrected: January 22, 2020

_____
Lewis A. Kaplan
United States District Judge