```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          19 Cr. 717 (LAK)

DEMETRUES BELL,

                Defendant.              Conference

------------------------------x
                                        New York, N.Y.
                                        January 21, 2020
                                        11:10 a.m.
Before:

                    HON. LEWIS A. KAPLAN,

                                        District Judge

                         APPEARANCES

GEOFFREY S. BERMAN
    United States Attorney for the
    Southern District of New York
BY: NICHOLAS S. BRADLEY
    NICHOLAS S. FOLLY
    Assistant United States Attorneys

IAN MARCUS AMELKIN
TAMARA L. GIWA
    Attorneys for Defendant
```

1             (Case called)

2             THE DEPUTY CLERK:  Government, are you ready?

3             MR. BRADLEY:  Yes, your Honor.

4             THE COURT:  My law clerk has a memorandum to pass out

5    to you which we will file as soon as we get back upstairs, but

6    this sets out the findings on the suppression motion.

7             So where are we going with this now?

8             MR. BRADLEY:  Your Honor, on behalf of the government,

9    we would respectfully ask to set a conference date 30 days out

10   so the government can review the opinion and evaluate its

11   conclusions.  That's where the government would at least be

12   from our perspective.  I would also ask that the Court exclude

13   time until that date.  Time was previously excluded up until

14   today.

15            THE COURT:  OK.  Let me hear from the other side.

16            MR. MARCUS AMELKIN:  Your Honor, we would oppose any

17   exclusion of time.  I don't think there is any basis for it.

18   We are fine if the government wants to take some time to review

19   the opinion, but we ask that Mr. Bell be ROR'd today.

20            THE COURT:  That he what?

21            MR. MARCUS AMELKIN:  Be released on his own

22   recognizance today, as the government has agreed to in past

23   cases where suppression is granted.  That way he will be

24   brought back over to Rikers Island for his parole hearing.  To

25   me there is no basis to hold him on any bail conditions.

1      THE COURT:  What is the effect of the suppression
2  ruling on the parole hearing, if any?
3      MR. MARCUS AMELKIN:  The evidence will be suppressed
4  at that hearing, but the parole officers will be able to admit
5  the testimony, of which Mr. Bell admitted the possession.  So
6  it's possible that he will receive some type of continued
7  parole violation or they will resolve the case.  Because he's
8  been in jail for seven months, they might give him time served.
9  It's really hard to know what will happen.
10      In any event, I think that because the government -- I
11  haven't read your opinion, but I imagine it's a credibility
12  finding, which the government in the past normally does not
13  appeal.  I don't see any reason to continue holding him here.
14      THE COURT:  It is essentially a credibility finding.
15  I was not persuaded there was a marijuana cigarette.  I was not
16  persuaded that the officers smelled marijuana either as they
17  drove by or when they stopped the car.  And I'm not persuaded
18  that the ammunition magazine was in plain view.
19      So, I mean, that pretty much covers the waterfront I
20  would think.
21      MR. MARCUS AMELKIN:  In our mind it does, your Honor.
22      THE COURT:  What's the government's position with the
23  ROR?
24      MR. BRADLEY:  We would have no objection to the
25  defendant being bailed today, your Honor.

1    THE COURT:  Is there a detainer?

2    MR. BRADLEY:  My understanding is that he would have
3 the parole hold, your Honor, so upon --

4    THE COURT:  So you've got that.  If I just ROR him, he
5 is not going to walk out of the MCC and have the opportunity to
6 disappear, is that right?

7    MR. BRADLEY:  That's my understanding, your Honor.
8 The writ would be satisfied and he would be returned to Rikers.
9 I believe that's consistent with what Mr. Marcus Amelkin said
10 as well, but please correct me if I am wrong.

11    MR. MARCUS AMELKIN:  I can't speak to whether or not
12 there is still a parole hold, but I imagine there is, given
13 that he was writted here.  He would have to go to the fifth
14 floor to sign the new bail, which hopefully the government can
15 prepare quickly and issue the change in bail conditions.

16    THE COURT:  So I will set the next conference for
17 February 25 at 3 o'clock.

18    Defendant is released on bail on his own recognizance.
19 I'm wondering, has any time run at all on the speedy trial
20 clock?  Where are we on that?

21    MR. BRADLEY:  I believe it was just two days, your
22 Honor, in between the indictment and arraignment when we were
23 before your Honor back in October.

24    THE COURT:  I don't see any reason to exclude time at
25 this point.  You're entitled to look at this, of course.  If

K1nbelc

1   there's going to be an appeal and if you need an exclusion, you
2   can come back to me, but this does not seem like it's going to
3   result in appeal.  I mean, my goodness.
4           MR. BRADLEY:  Understood, your Honor.  We'll review
5   the opinion.
6           THE COURT:  Yes.  OK.  All right.  I thank you.
7           MR. MARCUS AMELKIN:  Your Honor, on behalf of
8   Mr. Bell, we thank you for the opinion.
9           (Adjourned)